**E-FILED**
Tuesday, 02 November, 2004  02:47:43 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. CR04-20044-001 |
| | ) |
| JESSE MATTHEW COARTNEY, | ) |
| | ) |
| Defendant. | ) |

**FILED**

NOV 0 1 2004

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and the defendant, Jesse Matthew Coartney, personally and by his attorney, Tiffani D. Johnson, have agreed upon the following:

### SCOPE

1.    This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2.    This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside

- 2 -

the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea

agreement does not bind the Tax Division of the United States Department of Justice or the

Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3.      Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will

enter a plea of guilty to Count 1, the sole count in the indictment in this cause. Count 1 of the

indictment charges the defendant with Bank Robbery in violation of Title 18, United States

Code, Section 2113(a). Pursuant to Fed.R.Crim.P. 11(c)(1)(B), if the Court does not accept the

recommendations of the parties as set forth below, the defendant understands that he does not

have the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGE

4.      The defendant has personally read the indictment and the charge to which the

defendant is pleading guilty. The indictment and the charge have been explained to the

defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature

and elements of the crime to which the defendant is pleading guilty.

5.      The offense of Bank Robbery in violation of Title 18, United States Code, Section

2113(a) has the following elements, each of which the prosecution must prove beyond a

reasonable doubt:

> (a).    First, the defendant took from the person or presence of another money
> belonging to or in the care, custody, control, management, or possession of
> U.S. Bank, Mattoon, Illinois;

> (b).    Second, at the time charged in the indictment U.S. Bank, Mattoon, Illinois
> had its deposits insured by the Federal Deposit Insurance Corporation; and

- 3 -

(c).     Third, the defendant acted to take such money by force and violence, or by intimidation.

6.     Intimidation means to say or do something in such a way as would place a reasonable person in fear.

7.     An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged. Any person who knowingly aids the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

## POTENTIAL PENALTIES

8.     The charge of Bank Robbery in violation of Title 18, United States Code, Section 2113(a), a Class C felony, has the following potential penalties:

(a).     Maximum twenty year period of imprisonment;

(b).     Maximum $250,000 fine; and

(c).     Maximum three year period of supervised release. penalties.

9.     The defendant further understands and agrees to pay the mandatory $100 in Special Assessments for the sole count of the indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the Clerk of the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of

- 4 -

guilty.

10.     The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

11.     The defendant understands and agrees that the Court will be required to order the defendant to pay restitution in the amount of $3,632 to U.S. Bank of Mattoon, Illinois. The parties have not otherwise agreed on the amount of restitution. Restitution may also include the cost of incarceration and supervision, and the parties acknowledge that the Court may order restitution in whatever amount it deems proper.

## ACCEPTANCE OF RESPONSIBILITY

12.     The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1(a) of the United States Sentencing Guidelines and, therefore, a two-level reduction (three levels if the defendant's offense level is 16 or greater) in the offense level is appropriate. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States. The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

- 5 -

## COOPERATION BY THE DEFENDANT

13.     As a condition of this entire Plea Agreement, the defendant will cooperate fully with law enforcement officials as set forth in a cooperation letter dated October 5, 2004 (attached hereto as Exhibit A). All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that he must neither minimize his own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not hinge upon obtaining a conviction against anyone else; it is dependent solely upon his being truthful about the facts whatever those may be.

14.     The defendant agrees that if he violates the terms of that cooperation agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty plea.

15.     The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

16.     The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. If the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses, but the defendant's cooperation is not complete at the time of sentencing, the United States reserves the right, in its sole discretion, to refrain from making a motion pursuant to U.S.S.G §5K1.1 and

- 6 -

18 U.S.C. § 3553(e) at the sentencing and instead to make a motion, after the defendant's

cooperation is complete, for a downward departure from the sentencing guideline range pursuant

to Federal Rule of Criminal Procedure 35 (b) and from any mandatory minimum sentence

pursuant to 18 U.S.C. § 3553(e). The defendant understands that it is the policy of the United

States to make a motion under either U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure

35(b), but not both. The extent of any such recommended departure will depend solely upon the

United States' evaluation of the nature, extent, and value of the defendant's assistance, including

the defendant's truthfulness.

17.    The defendant and his attorney acknowledge that they have reviewed, and the

defendant understands, the possible application of United States Sentencing Guidelines Section

5K.1.1. They further acknowledge, consistent with Application Note 3 to that Section, that the

United States is in the best position to assess the value of the defendant's cooperation to the

United States and its law enforcement efforts. In return for receiving the opportunity to

cooperate with the government and for the opportunity to be considered by the government for a

motion and recommendation for a downward departure pursuant to § 5K1.1, the defendant and

his attorney agree to limit any argument regarding the extent of a downward departure for

substantial assistance to only those grounds specifically set forth in § 5K1.1.

### SENTENCING RECOMMENDATIONS AND
### THEIR EFFECT UPON THE COURT

18.    The United States and the defendant remain free to recommend whatever sentence

each party deems appropriate, respectively, unless the United States makes a downward

departure motion for substantial assistance in which case the defendant is limited in his

recommendation as described above.

19.     The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, subject to the limitations of the United States Sentencing Guidelines.

20.     The defendant understands that the Court is required to consider any applicable Sentencing Guidelines, but may depart from those guidelines under some circumstances.

21.     The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

## DOWNWARD DEPARTURES

22.     The defendant and his attorney acknowledge that they have reviewed and the defendant understands the possible application of Sentencing Guidelines § 5H1.1 through § 5H1.12, § 5K2.0 through § 5K2.21 and other grounds for downward departure from the applicable Sentencing Guideline range.   The defendant acknowledges that he has fully discussed any potential basis for downward departure with his attorney, Tiffani D. Johnson.

23.     The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of the defendant's income.   Since the defendant's criminal history cannot be determined prior to the completion of

- 8 -

the presentence investigation, the United States and the defendant also reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to United States Sentencing Guideline Section 4A1.3.

24.    The defendant and his attorney agree that they will not argue, directly or indirectly, for a downward departure on any basis except over-representation of the defendant's criminal history. The defendant agrees that no other arguments for departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant.

## STIPULATION OF FACTS

25.    The defendant will plead guilty because he is in fact guilty. In pleading guilty, the defendant stipulates and agrees that the United States could prove the following to a jury beyond a reasonable doubt:

On February 21, 2004, around 9:45 a.m., the defendant, Jesse Matthew Coartney, and another white male (the "accomplice") entered U.S. Bank, 1900 Lakeland Boulevard, Mattoon, in the Central District of Illinois. Both of them were wearing ski-type masks, and the defendant possessed a portable police scanner, which a teller inside the bank heard during the robbery. On that date, U.S. Bank's deposits were insured by the Federal Deposit Insurance Corporation. While brandishing a black, 9 millimeter semi-automatic pistol, the accomplice told the teller she was being robbed, vaulted the teller desk, racked the slide of the weapon, and ordered her to the ground. The accomplice asked where the money was, and the teller said in the teller drawers. The defendant asked where the surveillance tapes were, and then removed a videotape from the

- 9 -

bank's interior surveillance camera. A second teller, who had been in the bathroom when the defendant and his accomplice entered the bank, returned from the bathroom. The accomplice pointed the pistol at the teller and ordered her to the ground. The defendant and his accomplice obtained approximately $3,632 in total from the robbery, consisting of money obtained from two separate drawers in the bank. The defendant and his accomplice left the bank while still wearing masks, and drove away in a gray, 1996 Mercury Cougar.

On July 23, 2004, at approximately 7:50 p.m., agents of the FBI and officers of the Mattoon Police Department executed a federal search warrant at the defendant's trailer, located at 609 Marion, Lot #2, Mattoon, Illinois. No one was present at the trailer at the time the warrant was executed. Inside the trailer, agents located a shiny, black mask and a large, black leather jacket worn by the defendant during the robbery, a portable police scanner with a belt clip used by the defendant during the robbery, and the video cassette taken from U.S. Bank by the defendant during the robbery. Later on July 23, 2004, the defendant was placed under arrest in Mattoon, Illinois. He agreed to waive his constitutional rights and speak with agents. The defendant admitted his involvement in the robbery of U.S. Bank on February 21, 2004, that he and his accomplice had split the money taken during the robbery, and that his accomplice had possessed and brandished a pistol during the robbery.

## WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

26.     The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having

thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and

voluntarily waives the right to appeal any and all issues relating to this plea agreement and

conviction and to the sentence, including any fine or restitution, within the maximum provided in

the statutes of conviction, and the manner in which the sentence, including any fine or restitution,

was determined, on any ground whatever, in exchange for the concessions made by the United

States in this plea agreement.

## WAIVER OF RIGHT TO COLLATERAL ATTACK

27. The defendant also understands that he has a right to attack his sentence

collaterally on the grounds it was imposed in violation of the Constitution or laws of the United

States, he received ineffective assistance from his attorney, this Court was without proper

jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands

such an attack is usually brought through a motion pursuant to Title 28, United States Code,

Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant

understands the rights that statute gives him. The defendant's attorney has fully discussed and

explained this waiver with the defendant. The defendant specifically acknowledges that the

decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's

counsel was made by the defendant alone notwithstanding any advice the defendant may or may

not have received from the defendant's attorney regarding this right. Regardless of any advice

his attorney has given him one way or the other, in exchange for the concessions made by the

United States in this Plea Agreement, specifically including the opportunity to cooperate with the

United States and possibly provide sufficient substantial assistance to induce a motion for a

downward departure as set forth above, the defendant hereby knowingly and voluntarily waives

- 11 -

his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

## ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

28.    The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and asks the Court to accept this waiver so he can receive the full benefit of this agreement.

## VIOLATION OF AGREEMENT BY DEFENDANT

29.    The defendant further agrees that if the defendant violates any of the terms of this plea agreement, including by filing an appeal or collateral attack, the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence and to seek the defendant's re-sentencing. In the event,

- 12 -

however, the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea.

30. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement

### ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

31. The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

32. The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights, among others:

a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also

- 13 -

ask for a trial by the Judge instead of a trial by a jury.

c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

33. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

- 14 -

34. Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client, Jesse Matthew

Coartney. It accurately and completely sets forth the entire Plea Agreement. I concur in the

guilty plea as set forth in this Plea Agreement.

Date: 10 - 6 - 04

s/ Tiffani Johnson

Tiffani D. Johnson
Attorney for the Defendant

35. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my

attorney, Tiffani D. Johnson. I fully understand this agreement and accept and agree to it without

reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right

to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the

benefit of the promises made by the United States. I am pleading guilty because I am in fact

guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No

threats, promises, or commitments have been made to me or to anyone else, and no agreements

have been reached, express or implied, to influence me to plead guilty other than those stated in

this written plea agreement nor am I under the influence of anything that could impede my ability

to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this

case, this Plea Agreement and matters related to it. I further understand that by signing below I

am stating I agree with everything stated in this section of the Plea Agreement and I am accepting

- 15 -

and entering into this Plea Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date: _____10-6-04_____          s/ Jesse Matthew Coartney
                                 Jesse Matthew Coartney
                                 Defendant

## ACKNOWLEDGMENT OF THE UNITED STATES

36.    United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date: _____October 5, 2004_____    s/ Eugene L. Miller

                                   Eugene L. Miller
                                   Assistant United States Attorney
                                   201 South Vine Street
                                   Urbana, Illinois 61802
                                   Telephone: 217/373-5875



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

---

*Jan Paul Miller*
*United States Attorney*

*Urbana Division Office*
*Urbana Federal Building and U.S. Courthouse*
*201 South Vine Street, Suite 226*
*Urbana, Illinois 61802-3369*
*TEL: (217) 373-5875*
*FAX: (217) 373-5891*

October 5, 2004

**VIA PERSONAL DELIVERY**
Tiffani D. Johnson, Esq.
Assistant Federal Defender
201 South Vine Street
Urbana, Illinois 61801

**RE:    Cooperation and testimony by Jesse Matthew Coartney**

Dear Ms. Johnson:

It is our understanding that your client, Jesse Matthew Coartney, desires to cooperate with the United States of America ("United States") in its efforts to enforce federal law on the condition that his statements are protected by a grant of use immunity to prevent him from facing any greater criminal liability as a result of cooperating. This letter is intended as a grant of conditional direct use immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1.  The United States agrees that no statement made or information provided pursuant to this agreement may be directly introduced as evidence against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should he subsequently testify or take a factual position contrary to the information he provides. The United States will be free to make indirect, or derivative, use of his statements. This agreement means only that the fact he made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against him. The United States will also remain free to discharge its duty to the court by informing the court of any information he provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2.  In return, your client agrees that he will provide complete and truthful information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. He also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control that relates to the information he provides.

Exhibit A

**Tiffani D. Johnson, Esq.**                             **U.S. Department of Justice**
**October 5, 2004**
**Page -2-**

3.  He agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury, or judge in any proceeding in which he may be called to testify by the United States.

4.  Your client further acknowledges and agrees that he understands that the United States's grant of use immunity herein is conditioned, in part, upon his complete compliance with paragraphs 2 and 3. Should he knowingly make any materially false statement or omission in providing information or testimony under this agreement, the United States will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense, as well as a prosecution for giving false statements and perjury.

5.  For instance, your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts, whatever those may be.

6.  The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7.  Your client agrees that he will not engage in any criminal activity of any kind. Your client agrees that he will not engage in any use of any controlled substance.

8.  Your client agrees that he will not initiate any contact with the subjects of any United States investigation without the prior knowledge and approval of the United States.

9.  Your client agrees that he will not tell anyone anything about any United States investigation or his own cooperation without the prior knowledge and approval of the United States.

10. The United States agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time, the United States is not making and has not made any promise or commitment of any kind to you or your client regarding the prosecution of any offense or the sentence in any case.

11. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United

**Tiffani D. Johnson, Esq.**　　　　　　　　　　　　　　　**U.S. Department of Justice**
**October 5, 2004**
**Page -3-**

> States's evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

12. Your client agrees that he will not frivolously contest any sentencing issues in his pending federal criminal proceeding.

13. *Any violation of any part of this agreement by your client will void this agreement in its entirety and will release the United States from any obligation under this agreement.*

This letter embodies the entirety of the United States's use immunity agreement with your client. No other promise or agreement exists between your client and the United States regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

　　　s/ Eugene Miller

Eugene L. Miller
Assistant United States Attorney

**AGREED:**

I have read this letter entirely, and I understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

　　　s/ Jesse Matthew Coartney　　　　　　　　　　　　s/ Tiffani Johnson

Jesse Matthew Coartney　　　　　　　　　　　　　　Tiffani D. Johnson
Defendant　　　　　　　　　　　　　　　　　　　Attorney for Defendant

DATE: 10-6-04　　　　　　　　　　　　　　　DATE: 10-6-04