E-FILED
Thursday, 03 March, 2005  03:28:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JESSE COARTNEY<br><br>Defendant | No.: 04-CR-20044<br><br>**FILED UNDER SEAL** |

**COMMENTARY ON 3553 FACTORS**

NOW COMES the Defendant, JESSE COARTNEY and Richard H. Parsons, Chief Federal Public Defender for the Central District of Illinois, by and through TIFFANI D. JOHNSON, Assistant Federal Public Defender, hereby submits this commentary pursuant to 18 U.S.C. 3553(a).

NO LIMITATION shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 18 U.S.C. § 3661. *See also Booker*, 125 S.Ct. 738, 767 (expressly endorsed by J. Breyer). Congress has ordered as much time as it takes to present this information in return for society's demand that Mr. Coartney's pay his debt with several years of his life. Mr. Coartney submits the following information in lieu of testimony:

***Drug or Alcohol Abuse & Mental and Emotional Conditions***

1.   Mr. Coartney requests that this Court recommend intensive drug treatment based upon the information listed in the PSR.

2.     Mr. Coartney needs counseling in order to address his history of depression, and the abuse that he has lived through as a child, which has haunted him into adulthood. The physical abuse by his father when he was five, coupled with his mother's alcoholism and the domestic violence that he witnessed, generally generates multiple issues that require profession assistance to work through.

***Military, Civic, Charitable, or Public Service, Employment-Related Contributions; Record of Prior Good Works***

3.     Mr. Coartney has been a strong advocate/mentor for the developmentally disabled population.  He has volunteered for Area 9 Special Olympics and the Family Fun Festival put on by Illinois Consolidated Telephone Company for several years. He has proven himself to be a great mentor for this special population. He has been asked back to assist repeatedly. This information was verified by Ms. Oruwari.

4.     Mr. Coartney also spoke to young kids as a DARE role model.

5.     On many occasions, Mr. Coartney has taken Ms. Oruwari's disabled clients out to dinner and the movies on his own time with his own money.

6.     As indicated in the PSR, Mr. Coartney was in ROTC for four years during which time he did civic work.

7.     Mr. Coartney has had a history of hard work. As the PSR indicates, he was employed full-time when he was arrested, and has held nine jobs, since he became of working age.

8.     Mr. Coartney has had a record of good works in that he regularly attended various church activities for many years, and he was a Boy Scout. Throughout his teen years, he has volunteered in various activities in the community.  He completed high school, during which he participated in wrestling, football, and numerous other sports activities.

*Aberrant Behavior & Other Circumstances*

9.      Mr. Coartney does not understand how he had such a horrible lapse in judgment resulting in th commission of this crime, which is completely out of character for him. His decent into cocaine and steroid use, as he dealt his emotional issues, probably magnified the well-documented underdeveloped impulse control that most young men have at age 21. However, Mr. Courtney cannot offer any excuse for his poor judgment.

10.     Mr. Coartney entered into a friendship with Mr. Farris which speeded his decent into problematic behavior.  Mr. Farris had a major influence upon Mr. Coartney and his decision in his participating in several acts demonstrating a clear lack of judgement, and poor impulse control.

11.     As noted in the PSR, Mr. Farris carried what was described as a firearm during the robbery, which he used to frightened the tellers.

12.     Mr. Coartney did not carry a firearm during the robbery or threaten the tellers.

13.     Mr. Coartney is not eligible for a Aberrant behavior departure under the guidelines pursuant to § 5K2.20, and in fact agreed, pursuant to the Plea Agreement, that he would not argue for any guideline range departures.

14.     Mr. Coartney, instead, submits that one of the factors that this Court should consider in fashioning a proper sentence under § 3553(a), is the amount of jail time necessary for deterrence. In determining that amount, this Court should consider that despite his emotional difficulties, Mr. Coartney has led an extremely productive life marked by extensive public service, participation in sports, maintaining employment, and helping the community in many ways.

15.     Therefore, society should take into account the amount of time and energy that Mr.

Coartney has contributed to good works, and the aberrant behavior that he has recently exhibited is an atypical lapse in judgement for the 21-year-old young man.

    Respectfully Submitted,

    JESSE COARTNEY, Defendant

    RICHARD H. PARSONS
    Federal Public Defender

    s/Tiffani D. Johnson

    _____
    TIFFANI D. JOHNSON, Bar No. 6278909
    Assistant Federal Defender
    300 West Main Street
    Urbana, Illinois 61802
    Phone: (217) 373-0666
    Fax: (217) 373-067
    Email: tiffani_johnson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2005, I hand-delivered a copy of the above document to United States Attorney Eugene Miller.

    s/Tiffani D. Johnson

    _____
    TIFFANI D. JOHNSON, Bar No. 6278909
    Assistant Federal Defender
    300 West Main Street
    Urbana, Illinois 61802
    Phone: (217) 373-0666
    Fax: (217) 373-067
    Email: tiffani_johnson@fd.org

I:\Johnson\CLIENTS\Coartney\3553 commentary.wpd